FOURTH DEPARTMENT, MARCH, 2003

(March 21, 2003)

■ In the Matter of MARGOT LIPTON, a Person Alleged to be Incapacitated. EDWARD P. JESELLA, Respondent; HERBERT W. RICHARDSON, Appellant. [757 NYS2d 424] —Appeal from an order of Niagara County Court (Sperrazza, J.), entered May 3, 2001, which denied the application of Herbert W. Richardson to, inter alia, dismiss the petition brought under Mental Hygiene Law article 81.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the application in part, vacating those parts of the order determining that a permanent guardian is necessary and granting to such guardian the authority to revoke the power of attorney and as modified the order is affirmed without costs, and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: Herbert W. Richardson appeals from an order that denied his application to, inter alia, dismiss the petition brought under Mental Hygiene Law article 81. The allegedly incapacitated person (AIP) is an 88-year-old woman who has resided in a nursing home since 1998. Prior to that time, she executed a power of attorney appointing a friend, Jane Lester, as her attorney-in-fact and Richardson as the successor attorney-in-fact. Guardianship proceedings were instituted with respect to Lester. Thereafter, the County Court Judge presiding over those proceedings, the same Judge who issued the order herein, became aware that the AIP's nursing home bills were paid by Lester and that Richardson was "prominent" in both women's affairs. At the court's request, an attorney from the law firm representing Lester visited the AIP at the nursing home, and

that attorney (petitioner) then commenced the instant proceeding seeking the appointment of a guardian and revocation of the power of attorney.

Although petitioner's firm also represents a creditor of the AIP, we nevertheless conclude that petitioner has standing to commence this proceeding as "a person otherwise concerned with the welfare of [the AIP]" (Mental Hygiene Law § 81.06 [a] [6]). However, we agree with the AIP's Pennsylvania attorney that the court erred in failing to require that the order to show cause appointing a temporary guardian, an attorney for the AIP, and a court evaluator be served upon all "persons entitled to service" under Mental Hygiene Law § 81.07 (d) (1). The court further erred in conducting a hearing to determine the necessity for a guardian and in thereafter determining that a permanent guardian is necessary and granting to such guardian the authority to revoke the AIP's power of attorney without prior notice to such persons entitled to service (*see generally* §§ 81.11, 81.15).

We therefore modify the order by granting the application in part, vacating those parts of the order determining that a permanent guardian is necessary and granting to such guardian the authority to revoke the power of attorney, and we remit the matter to Niagara County Court to conduct a hearing to determine the necessity for a permanent guardian upon service of the underlying order to show cause upon all persons entitled thereto under Mental Hygiene Law § 81.07 (d) (1). Present— Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.